IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00198–RM–KMT

ARTHUR SANTISTEVAN a/k/a Arthur Santisteven,

    Plaintiff,

v.

TIMOTHY R. STEGINK, Investigator Jefferson County Sheriff's Office, and
SUSAN SCOHY, Investigative Specialist Jefferson County Sheriff's Office,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendants' Motion to Dismiss" (Doc. No. 11 ["Mot."], filed on April 27, 2015), to which Plaintiff responded (Doc. No. 16 ["Resp."], filed on June 10, 2015) and Defendants have replied. (Doc. No. 18 ["Reply"], filed June 23, 2015).

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2009, Defendant Stegink, a Jefferson County Sheriff's Department investigator, prepared an Affidavit of Probable Cause in furtherance of obtaining an arrest warrant for Plaintiff on the charges of burglary and trespassing. (Comp. at 4.) Plaintiff claims that in the Probable Cause Affidavit, Defendant Stegink relied on falsified information from former Detective Todd Pachello of the Lone Tree Police Department ("LTPD") and Officer Michael Mackenzie of the Arapahoe County Sheriff's Office. (Comp. at 3-7.) He further contends that Defendant Stegink should have known the information was false because at that

time, "Detective Pachello had been under scrutiny by his superiors of the LTPD, also the City of Lone Tree City Manager and the District Attorney's Office the 18th Judicial District as of April of 2008." (Comp. at 4.) Additionally, Plaintiff claims that Defendant Scohy, a Jefferson County Sheriff's Department investigative specialist, created an unduly suggestive photographic array in which Plaintiff was the only Native American and the other persons pictured were Caucasian males. (Comp. at 5, 6, 7). The identification of the Plaintiff via the photographic array was included in the Affidavit of Probable Cause. (Comp. at 4, 6, 7.) Subsequently, the trial court ruled that the photographic array was impermissibly suggestive and the same was excluded from Plaintiff's criminal trial. (Doc. No. 11-2.) Plaintiff was tried twice on the burglary charge and both trials ended with a hung jury. (Comp. at 4; Doc. No. 11-1.) The charges were dismissed on May 9, 2013. (Comp. at 4-5; Doc. No. 11-1.)

Plaintiff filed this action under 42 U.S.C. § 1983 on January 29, 2015 asserting numerous causes of action based on alleged violations of his constitutional rights, as well as state law claims. (*See generally* Doc. No. 1 ["Comp."].) On February 27, 2015, Senior District Court Judge Babcock dismissed all of Plaintiff's claims with the exception of his Fourth Amendment malicious prosecution claim against Defendants Stegink and Scohy. (Doc. No. 7.) Defendants now seek dismissal of Plaintiff's remaining claim.

## LEGAL STANDARDS

**1. *Pro Se* Plaintiff**

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Bellmon*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

"[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (internal quotations omitted).

## ANALYSIS

Plaintiff's malicious prosecution claim against Defendants Stegink and Scohy is based on their respective roles in his arrest and subsequent criminal trials. (Comp. at 3-7; Doc. No. 7 at 11, 12.) Strangely, though this is Plaintiff's sole remaining claim, Defendants failed to directly address it and/or the elements required to establish it in their Motion to Dismiss. Instead, even though Defendants acknowledge that Plaintiff has indeed asserted a malicious prosecution claim, they proceed to analyze Plaintiff's allegations under theories of due process and false arrest. (Mot. at 5-10.) This seems especially odd since Judge Babcock already dismissed the due process claim arising from Defendant Scohy's photographic array and the false arrest claim. (Doc. No. 7 at 5-6, 7-8.) Although Defendants failed to analyze the sufficiency of Plaintiff's malicious prosecution claim, the court may do so pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Tenth Circuit "has analogized a § 1983 malicious prosecution claim to the common law tort of malicious prosecution . . . ." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

> The elements of the common law tort of malicious prosecution, as applicable in a § 1983 claim, are: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Novitsky v. City of Aurora*, 491 F.3d 1244, 1257–58 (10th Cir. 2007). Despite Defendants' lackluster Rule 12(b)(6) motion, applying their arguments to these elements, the court finds that

5

Plaintiff has not sufficiently alleged a lack of probable cause to support his arrest and prosecution.

Even assuming Plaintiff can establish the common law elements of a malicious prosecution claim, a preliminary hearing, "in which a judge independently listened to testimony, evaluated the credibility of those testifying, reviewed evidence, and concluded that the evidence was sufficient to bind [the plaintiff] over for trial," ordinarily breaks the "chain of causation" with respect to an investigating or arresting officer. *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). Plaintiff's allegations against Defendant Scohy are limited to her creation of the photographic array, which was presented to witnesses to identify Plaintiff as the perpetrator of the subject crimes and included in Defendant Stegink's Affidavit of Probable Cause. (Comp. at 3-7.) Both parties point out that the trial court subsequently excluded the photographic array from Plaintiff's criminal trial as impermissibly suggestive. (Doc. No. 11-2.) This ruling did not occur until August 16, 2012, and has less relevance to Plaintiff's malicious prosecution claim than it did with regard to Plaintiff's due process claim. (*See* Doc. No. 7 at 7-8, dismissing Plaintiff's due process claim based on the exclusion of the photographic array from the underlying trial.)

The trial court did, however, hold a preliminary hearing on September 23, 2009, wherein, as the *Taylor* decision notes, the judge independently listened to testimony and evaluated evidence, and Plaintiff was bound over for arraignment. (Doc. No. 11-1 at 2.) This preliminary hearing breaks the "chain of causation" between Defendant Scohy and any allegation that Plaintiff's constitutional rights were violated as a result of malicious prosecution. *Taylor*, 82 F.3d at 1564.

Due to the nature of Plaintiff's allegations against Defendant Stegink, the claim against him cannot be resolved on the same principle. As Plaintiff points out, *see* Resp. at 12, *Taylor* does not apply to break the chain of causation where "a police officer gave perjured testimony during [the plaintiff's] preliminary hearing." *Crudup v. Schulte*, 12 F. App'x 682, 686 n.2 (10th Cir. 2001). *See also Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006) (citing *Yancey v. Carroll Cnty.*, 876 F.2d 1238, 1243 (6th Cir. 1989)) ("Police officers cannot, in good faith, rely on a judicial determination of probable cause when that determination was premised on an officer's own material misrepresentations to the court.") Here, Plaintiff alleges repeatedly that Defendant Stegink relied on false and unsubstantiated information that he received from former Detective Pachello and Investigator Mackenzie in his Probable Cause Affidavit. (Comp. at 4-7; Resp. at 2-13, 15-18.) He also states that at the time he presented his Probable Cause Affidavit seeking and obtaining a warrant for Plaintiff's arrest, Detective Stegink knew that Detective Pachello was "under scrutiny by his superiors." (Comp. at 4.)

Defendants argue that Plaintiff has failed to sufficiently identify the nature of the information provided by Detective Pachello or Officer Mackenzie. (Mot. at 10 n.3; Reply at 5-7.) The court agrees. In spite of Plaintiff's exhaustive discussion regarding this allegation, he has provided not even a scintilla of detail as to what information former Detective Pachello allegedly supplied to Defendant Stegink that was then included in the Affidavit of Probable Cause and was apparently part of Defendant Stegink's testimony at trial. Instead, Plaintiff states *ad nauseam* that the information was "unsubstantiated" and "false."

Plaintiff's lack of specificity may be the result of basing this claim not on the information gained from Detective Pachello but instead merely on the fact that Pachello was allegedly under

7

investigation at the same time Defendant Stegink was conducting his investigation regarding Plaintiff.  Plaintiff seems to argue that as a result of this circumstance, *any* information Defendant Stegink received from Detective Pachello was suspect and/or false.  (Resp. at 11.) Plaintiff's attempt to parlay an alleged investigation of Detective Pachello into a lack of probable cause for his own arrest and confinement requires far too much speculation and presumption regarding the information at issue.  Such vague and conclusory allegations are, as a matter of law, inadequate to plausibly claim a lack of probable cause for Plaintiff's arrest and prosecution. *See, cf., Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001) (finding the plaintiff's conclusory allegations of lack of probable cause were insufficient to survive a motion to dismiss).

Accordingly, it is

**RECOMMENDED** that "Defendants' Motion to Dismiss" (Doc. No. 11) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of February, 2016.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge